UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SCOTT E. MILLER,                        )
                                        )
                Plaintiff,              )
                                        )    CAUSE NO. 1:06-CV-038 WL
        v.                              )
                                        )
CHRISTOPHER J. WHEELER,                 )
                                        )
                Defendant.              )

OPINION AND ORDER

Scott E. Miller, a *pro se* prisoner, submitted a complaint under 42 U.S.C.
§ 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a
prisoner complaint and dismiss it if the action is frivolous or malicious, fails to
state a claim upon which relief may be granted, or seeks monetary relief against
a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides
for the dismissal of a complaint, or any portion of a complaint, for failure to state
a claim upon which relief can be granted. The court will apply the same standard
under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*,
230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the
> plaintiff can prove no set of facts in support of his claim which would
> entitle him to relief. Allegations of a pro se complaint are held to less
> stringent standards than formal pleadings drafted by lawyers.
> Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the
> Supreme Court requires only two elements: First, the plaintiff must
> allege that some person has deprived him of a federal right. Second,
> he must allege that the person who has deprived him of the right
> acted under color of state law. These elements may be put forth in
> a short and plain statement of the claim showing that the pleader is

Dockets.Justia.com

entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Miller alleges that his appointed counsel did not adequately represent him on appeal. A defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore this complaint does not present a federal cause of action against Christopher Wheeler.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. 1915A.

SO ORDERED.

ENTERED: February 21 , 2006

S/William C. Lee
William C. Lee, Judge
United States District Court